DAVID G. HALM, SBN: 179957
david.halm@qpwblaw.com
EMANUEL K CAROS, SBN: 337330
emanuel.caros@qpwblaw.com
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
500 N. Brand Boulevard, Suite 1650
Glendale, CA 91203
Telephone: 213.486.0048
Facsimile:  213.486.0049

Attorneys for Defendant and Counterclaimant,
RACK MEN EQUIPMENT COMPANY, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATERIAL HANDLING SYSTEMS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RACK MEN EQUIPMENT COMPANY, INC., a Georgia Corporation,<br><br>Defendant.<br>_____<br><br>RACK MEN EQUIPMENT COMPANY, INC., a Georgia Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>MATERIAL HANDLING SYSTEMS, INC., a California Corporation, and MOES 1-25,<br><br>Counter-Defendants. | **CASE NO.:  2:23-CV-01089-WBS-AC**<br><br>[Judge: Hon. William B. Shubb]<br><br>**DEFENDANT AND COUNTERCLAIMANT RACK MEN EQUIPMENT COMPANY, INC.'S NOTICE OF OPPOSITION AND OPPOSITION TO PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED MOTION TO DISMISS**<br><br>Action Filed:   6/7/2023<br><br>Date: October 30, 2023<br>Time: 1:30 p.m.<br>Ctrm.: 5 |

COMES NOW Defendant and Counterclaimant, RACK MEN EQUIPMENT COMPANY, INC. ("Rack Men" or "Defendant"), and hereby opposes Plaintiff's Amended Motion to Dismiss as follows:

## INTRODUCTION

This is an action by Rack Men, the owner of a copyrighted mark associated with retail services featuring warehouse equipment, against a retailer of warehouse equipment, Material Handling System, Inc., doing business as Rack Man, ("Plaintiff" or Rack Man") that unlawfully uses a confusingly similar name as that previously copyrighted by Rack Men.

Plaintiff originally initiated the above captioned lawsuit, but now seeks to dismiss Rack Men's Counterclaims on the spurious grounds that the claims are time-barred or otherwise inadequately pled. Plaintiff's contentions are circuitous, contradictory, or otherwise meritless, and its Motion should be denied.

## MEMORANDUM OF LAW

### 1. RACK MEN'S CLAIMS ARE ADEQUATELY PLED.

Federal Reule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, and that there is a powerful presumption against rejecting pleadings for failure to state a claim. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-559 (2007); see also Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-9 (9th Cir. 1997). A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Barnett v. Centoni, 31 F.3d 813, 813 (9th Cir. 1994) (citing Buckey v. County of Los Angeles, 957 F.2d 652, 654 (9th Cir. 1992). *E.g.,* Conley v. Gibson, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Parks School Of Business v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); and West Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

1    "A rule 12(b)(6) dismissal is proper only where there is either a 'lack of a

2    cognizable theory' or 'the absence of sufficient facts alleged under a cognizable legal

3    theory.'" <u>Warren v. Fox Family Worldwide, Inc.</u>, 171 F.Supp.2d 1057, 1061 (C.D.

4    Cal. 2001). "The court must accept all factual allegations pleaded in the complaint as

5    true, and must construe them and draw all reasonable inferences from them in favor

6    of the nonmoving parti." <u>Id.</u> [citing <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-

7    338 (9th Cir. 1996), and <u>Mier v. Owens</u>, 57 F.3d 747, 750 (9th Cir. 1995)].

8    Federal Rule of Civil Procedure 12(b)(6) "must be read in conjunction with rule

9    8(a), which sets forth the requirements for pleading a claim in federal court and calls

10   for a 'short and plain statement of the claim showing that the pleader is entitled to

11   relief.' Only when the pleading fails to meet this liberal standard is it subject to

12   dismissal under Rule 12(b)(6)." 5A Charles A. Wright & Arthur R. Miller, <u>Federal</u>

13   <u>Practice and Procedure</u>, ("Wright and Miller") § 1356, at 294–96 (2nd ed.

14   1990); *see* <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 122 S. Ct. 992, 998-99, 152

15   L. Ed. 2d 1 (2002). Rule 8(a)'s simplified pleading standard is controlling, and

16   judicially-created "heightened pleading" requirements are invalid. <u>Id.</u>

17   "Copyright claims need not be pled with particularity." <u>Perfect 10, Inc. v.</u>

18   <u>Cybernet Ventures, Inc.</u>, 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001) (citing <u>Mid</u>

19   <u>America Title Co. v. Kirk</u>, 991 F.2d 417, 421 (7th Cir, 1993)). "As courts have noted

20   in   recent,   post-*Leatherman* [*v.* <u>Tarrant   County   Narcotics   Intelligence   and</u>

21   <u>Coordination Unit</u>, 507 U.S. 163, 168 (1993)] cases, complaints simply alleging a

22   present ownership by plaintiff, registration in compliance with the applicable statute

23   and infringement by defendant have been held sufficient under the rules." <u>Id</u>. at

24   1120 (citing <u>Mid America Title Co. v. Kirk</u>, 991 F.2d at 421 n.8; 5 Wright and Miller,

25   § 1237, at 283 (1990), and <u>Jetform Corp. v. Unisys Corp.</u>, 11 F. Supp. 2d 788, 790

26   (E.D. Va. 1998)). "The Court does not agree with defendant that there is a heightened

27   pleading standard in copyright infringement cases." <u>Cinebase Software v. Media</u>

28

Guar. Trust, 1998 U.S.Dist.LEXIS 15007 (N.D. Cal. Sep. 21, 1998). "Rule 8 simply requires that a plaintiff provide a defendant with adequate notice of the subject of the claims to allow the defendant to respond." Id. see also National Assoc. of Sec. Dealers, Inc. v. Ostry, 1989 U.S.Dist.LEXIS 15632 (N.D. Ill. Dec. 28, 1989). ("plaintiff is not required to identify the dates of infringement"). "The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes 416 U.S. 232, 236 (1974).

In this case, Rack Men's counterclaims are adequately pled insofar as they meet and exceed the requirement of a short and plain statement of the claim showing that the pleader is entitled to relief. Rack Men's Counterclaims include detailed, factual allegations within paragraphs 1 through 27, which are incorporated within each counterclaim. See Rack Men's Answer & Counterclaims. Furthermore, each counterclaim includes additional factual allegations in support of each essential element of the claims. Id. The detailed allegations include identification of Rack men's first use of the mark, registration in 2009, Declaration of Use and Incontestability in 2015, and subsequent discovery that Plaintiff/Counter-Defendants recently began using the mark "Rack Man" in an effort to expand and increase its business. Id at ¶¶ 7, 13, 16, 17, 20, and 22. As discussed in further detail below, "the statute of limitations does not prohibit recovery of damages incurred more than three years prior to the filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances." Polar Bear Prods. v. Timex Corp., 384 F.3d 700, 706-707 (9th Cir. 2004). Rack Men contends that it only recently became aware of the infringement, such that its claims fall within the statute of limitations.

Additionally, Rack Men pleads the "Progressive Encroachment Doctrine," within its Affirmative Defenses. "The doctrine operates to give a trademark owner some latitude in the timing of its objecting to alleged infringement. It allows the

trademark owner to demonstrate that although it might have been justified in bringing suit earlier but did not, certain factors now exist that have prompted it to do so. Courts developed the doctrine to alleviate the dilemma trademark owners often face: whether to sue as soon as it learns about possible infringement and thereby risk suing prematurely, or delay filing suit and  thereby risk being subject to a laches defense. Tillamook Country Smoker v. Tillamook County Creamery Ass'n, 311 F.Supp.2d 1023, 1033-1034 (D.Or. 2004). Similar to the laches defense discussed below, this is another factual issue subject to discovery that Plaintiff improperly seeks to dispose of prematurely through a motion to dismiss.

Where Rack Men has adequately pled a short and plain statement of its claims showing that it is entitled to relief, Plaintiff's Motion to Dismiss should be denied.

**2.  PLAINTIFF'S MOTION IMPROPERLY CONTESTS ISSUES OF FACT CONCERNING THE LACHES DEFENSE AND THE STATUTE OF LIMITATIONS AND IS PREMISED UPON FALSE AND MISLEADING ALLEGATIONS.**

Plaintiff and Counter-Defendant brings its Amended Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which states that a party "may assert the following defenses by motion: (1) lack of subject-matter jurisdiction, (2) lack of personal jurisdiction, (3) improper venue, (4) insufficient process, (5) insufficient service of process, (6) failure to state a claim upon which relief can be granted, and (7) failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(6). However, Plaintiff's Motion is premised upon the defense of laches, and not any of the specifically listed bases upon which a party may move for dismissal.

Further, "the statute of limitations does not prohibit recovery of damages incurred more than three years prior to the filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances." Polar Bear, *supra*, 706-707. There, the court explained that

"[w]ithout the benefit of tolling in this situation, a copyright plaintiff who, through no fault of its own, discovers an act of infringement more than three years after the infringement occurred would be out of luck. Such a harsh rule would distort the tenor of the statute. Section 507(b), like all statutes of limitations, is primarily intended to promote the timely prosecution of grievances and discourage needless delay. It makes little sense, then, to bar damages recovery by copyright holders who have no knowledge of the infringement, particularly in a case like this one, in which much of the infringing material is in the control of the defendant." Id. The date of discovery is an issue of fact. Id. citing Aalmuhammed v. Lee, 202 F.3d 1227, 1231 (9th Cir. 2000). "The Ninth Circuit has directed courts considering a laches defense to a trademark claim also to evaluate other factors including: the harm to the senior user if relief is denied, whether the junior user acted in good faith ignorance of the senior user's rights, and the degree of competition between the senior and junior users." Tillamook, *supra* at 1030-1031.) The doctrine requires "'a consideration of the circumstances of each particular case and a balancing of the interests and equities of the parties.'" ProFitness Physical Therapy Ctr v. Pro-Fit Orthopedic & Sports Physical Therapy, P.C., 314 F.3d 62, 67 (2d Cir. 2002) (quoting Carl Zeiss Stiftung v. VEB Carl Zeiss Jena, 433 F.2d 686, 703 (2d Cir. 1970)). Long standing case law dictates that issues concerning the laches defense, and the other issues raised within Plaintiff's Motion to Dismiss, are questions of fact that cannot and should not be addressed prematurely through a Motion to Dismiss.

Additionally, the crux of Plaintiff's Motion is premised upon an inaccurate contention that Rack Men "admits that its own underlying claims for infringement accrued sometime before June 7, 2019." Amended Motion, p. 5:25-27. Nowhere in Rack Men's Answer or Counterclaims does it admit that its own claims accrued before June 7, 2019, nor does it even include the reference to "2019."

As such, Plaintiff's Motion to Dismiss should be denied where it is meritless

1  and seeks to obtain summary judgment of a factual issue by improperly moving for
2  dismissal pursuant to Rule 12(b)(6).

3     **3.  LEAVE TO AMEND.**

4        Rule 15 of the Federal Rules of Civil Procedure dictate that the court "should
5  freely give leave [to amend] when justice so requires." <u>Fed. R. Civ. P. 15(a)(2)</u>.
6  Granting a motion to dismiss without affording leave to amend "would directly collide
7  with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *Verizon Del., Inc. v.*
8  *Covad Communs. Co.* (9th Cir. 2004) 377 F. 3d 1081, 1091. Dismissal with prejudice
9  and without leave to amend is not appropriate unless it is clear on de novo review that
10 the complaint could not be saved by amendment. <u>Chang v. Chen</u>, 80 F.3d 1293, 1296
11 (9th Cir. 1996) citing <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052
12 (9th Cir. 2003). Accordingly, should the court find Rack Men's claims lacking, it
13 should afford an opportunity to amend in lieu of dismissal.

14                        <u>**CONCLUSION**</u>

15       Where Rack Men has adequately pled a short and plain statement of its claims
16 showing that it is entitled to relief, Plaintiff's Motion to Dismiss should be denied.
17 Similarly, Plaintiff's Motion should be denied where it is meritless and seeks to obtain
18 summary judgment of a factual dispute by improperly moving for dismissal pursuant
19 to Rule 12(b)(6). In the alternative, Rack Men should be afforded an opportunity to
20 amend its counterclaims in lieu of dismissal

21 DATED: September 7, 2023         **QUINTAIROS, PRIETO, WOOD &**
22                                  **BOYER, P.A.**

23

24                                 By: _____
25                                     DAVID G. HALM
                                       EMANUEL K CAROS
26                                     Attorneys for Defendant and
                                       Counterclaimant,RACK MEN EQUIPMENT
27                                     COMPANY, INC.

28
                                        7

## PROOF OF SERVICE
*Material Handling Systems v. Rack Men*
United States District Court – Eastern District of CA: 2:23-CV-01089-WBS-AC

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 500 N. Brand Boulevard, Suite 1650, Glendale, California 91203.

On September 7, 2023, I served the following document described as **DEFENDANT AND COUNTERCLAIMANT RACK MEN EQUIPMENT COMPANY, INC.'S OPPOSITION TO PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED MOTION TO DISMISS** on the following persons at the following address:

### SEE ATTACHED SERVICE LIST

☒ (BY CM/ECF)  I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non- CM/ECF participants (if any) indicated on the Manual Notice list.

☐ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 7, 2023, at Palmdale, California.

_____
LISETH GONZALEZ

8

1

## SERVICE LIST

*Material Handling Systems v. Rack Men*

United States District Court – Eastern District of California: 2:23-CV-01089-WBS-AC

| | |
|---|---|
| Michael J. Thomas, Esq.<br>Downey Brand LLP<br>621 Capitol Mall, 18th Floor<br>Sacramento, CA 95814<br>(916) 444-1000<br>mthomas@downeybrand.com | Attorneys for Plaintiff,<br>**Material Handling Systems, Inc.** |

DEFENDANT AND COUNTERCLAIMANT RACK MEN EQUIPMENT COMPANY, INC.'S OPPOSITION TO
PLAINTIFF AND COUNTER-DEFENDANT'S AMENDED MOTION TO DISMISS