1   DAVID G. HALM, SBN: 179957
    david.halm@qpwblaw.com
2   EMANUEL K CAROS, SBN: 337330
    emanuel.caros@qpwblaw.com
3   **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
    500 N. Brand Boulevard, Suite 1650
4   Glendale, CA 91203
    Telephone: 213.486.0048
5   Facsimile:  213.486.0049

6   Attorneys for Defendants, RACK MEN
    EQUIPMENT COMPANY, INC.
7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **EASTERN DISTRICT OF CALIFORNIA**
10

11  MATERIAL HANDLING SYSTEMS, INC., a        **CASE NO.:  2:23-CV-01089-WBS-AC**
    California Corporation,
12                                            [Judge: Hon. William B. Shubb]
                Plaintiff,
13                                            **DEFENDANT AND**
                                              **COUNTERCLAIMANT RACK MEN**
14          vs.                               **EQUIPMENT COMPANY, INC.'S REPLY**
                                              **IN OPPOSITION TO PLAINTIFF'S**
15  RACK MEN EQUIPMENT COMPANY,               **MOTION TO DISMISS FIRST AMENDED**
    INC., a Georgia Corporation,              **COUNTERCLAIMS**
16
                Defendant.                    Action Filed:      6/7/2023
17  _____

18  RACK MEN EQUIPMENT COMPANY,
    INC., a Georgia Corporation,
19
                Counterclaimant,
20
            vs.
21
    MATERIAL HANDLING SYSTEMS, INC., a
22  California Corporation, and MOES 1-25,

23              Counter-Defendants.

24

25          **TO THE COURT, TO ALL INTERESTED PARTIES AND TO THEIR COUNSEL**

26  **OF RECORD:**

27          COMES NOW Defendant and Counterclaimant, RACK MEN EQUIPMENT COMPANY,

28  INC. ("Rack Men"), and replies in opposition to Plaintiff's Motion to Dismiss First Amended

1  Counterclaims as follows:

2  **I.      INTRODUCTION**

3      Plaintiff's Motion to Dismiss First Amended Counterclaims is unfounded in consideration

4  of the relevant case law and legal standards of pleading. As has been well-defined since *Iqbal* and

5  *Twombly*, the Federal Rules only require minimal pleading to survive a motion to dismiss, and all

6  claims must be liberally construed in favor of the pleading party. Knowing that, Plaintiff still brings

7  meritless arguments that seek to disguise a premature Motion for Summary Judgment as a 12(b)(6)

8  Motion to Dismiss in an effort to preclude valid claims and discovery.

9      Nonetheless, viewing the pleadings on their face, Rack Men's First Amended Counterclaims

10  must survive any challenge to a motion to dismiss for failure to state a claim insofar as each theory

11  is sufficiently plead. As such, Rack Men requests that this Honorable Court deny Plaintiff's Motion.

12  **II.     RACK MEN'S FIRST AMENDED COUNTERCLAIMS ARE ADEQUATELY**

13  **PLEAD**

14      A Rule 12(b)(6) motion to dismiss will only determine whether the facts, as plead, state a

15  valid, plausible claim for relief. *Fed. R. Civ. P. 12(b)(6)*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

16  555-557 (2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include

17  "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ.*

18  *P.* 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

19  court to draw the reasonable inference that the defendant is liable for the misconduct

20  alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When ruling on a Rule 12(b)(6) motion, the

21  Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light

22  most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

23  1025, 1031 (9th Cir. 2008).

24      In light of the Federal Rules' liberal pleading standards, a motion to dismiss under Rule

25  12(b)(6) is "viewed with disfavor and rarely granted." *Ernst & Haas Mgmt. Co. v. Hiscox, Inc.*, 23

26  F.4th 1195, 1199 (9th Cir. 2022) citing *McDougal v. Cnty. Of Imperial*, 942 F.2d 668, 676 (9th Cir.

27  1991).  "[T]he plaintiff is at liberty to plead different theories, even if they are inconsistent with one

28  another, and the court must accept each sufficiently pleaded theory at face value, without regard to

1    its inconsistency with other parts of the complaint." *Fed. R. Civ. P. 8(d)(2)-(3)*; *Doe v. Columbia*

2    *Univ.*, 831 F.3d 46, 48 (2d Cir. 2016). "[D]ismissal is affirmed only if it appears beyond doubt that

3    [the] plaintiff can prove no set of facts in support of its claims which would entitle it to relief." *City*

4    *of Almaty v. Khrapunov*, 956 F.3d 1129, 1131 (9th Cir. 2020). Even if dismissal is appropriate, a

5    court should grant leave to amend unless the plaintiff could not possibly cure the defects of the

6    pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009)

7        Here, Rack Men has met all pleadings requirements where its First Amended Counterclaims

8    contain short and plain statements of the claims showing that it is entitled to relief. In fact, Rack

9    Men has offered far more specificity than is required by law. Rack Men has plead specificity

10    regarding its use of its mark, its grant of a Certificate of Registration from the United States Patent

11    and Trademark Office, its discovery of Plaintiff's infringement, facts in support of the contention

12    that its claims are timely made, Plaintiff's subsequent trademark applications, and each element of

13    its counterclaims against Plaintiff, as follows:

14        <u>First, Second, and Fourth Counterclaims – Infringement of Federally Registered Trademarks</u>

15        15 U.S. Code § 1114 identifies the elements of these claims: "any person who shall, without

16    consent of the registrant – (a) use in commerce any reproduction, counterfeit, copy, or colorable

17    imitation of a registered mark in connection with the sale, offering for sale, distribution, or

18    advertising of any goods or services on or in connection with which such use is likely to cause

19    confusion, or to cause mistake, or to deceive…"

20        Within Rack Men's First Amended Counterclaims, Rack Men has adequately plead each

21    element by asserting (1) that it is the owner of a registered trademark, (2) Plaintiff/Counter-

22    Defendants use a confusingly similar mark in connection with the advertisement and sale of goods

23    or services, (3) Plaintiff/Counter-Defendants' use is not authorized, and (4) the use is likely to and

24    has caused confusion and mistake. *FAC ¶ 14, 32-42, 48-51*.

25        <u>Third Counterclaim – Infringement of Trademarks in Violation of California Law</u>

26        Section 14245(a)(1) of the California Business and Professions Code identifies the elements

27    of this claim as follows: a person is liable if they "[u]ses, without the consent of the registrant, any

28    reproduction, counterfeit, copy, or colorable imitation of a mark registered under this chapter in

REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

connection with the sale, distribution, offering for sale, or advertising of goods or services on or in connection with which the use is likely to cause confusion or mistake, or to deceive as to the source of origin of the goods or services."

Within Rack Men's First Amended Counterclaims, Rack Men has adequately plead each element by asserting (1) that it is the owner of a registered trademark, (2) Plaintiff/Counter-Defendants use a confusingly similar mark in connection with the advertisement and sale of goods or services, (3) Plaintiff/Counter-Defendants use was without the consent of Rack Men, and (4) the use is likely to and has caused confusion and mistake. *FAC ¶ 14, 43-47*.

Fifth Counterclaim – Dilution of Rack Men's Trademarks in Violation of Federal Law

15 U.S. Code § 1125(c) states that "the owner of a famous mark that is distinctive… shall be entitled to injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or diluting by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury."

Within Rack Men's First Amended Counterclaims, Rack Men has adequately plead each element by asserting (1) that it is the owner of a registered trademark that is incontestable, (2) Plaintiff/Counter-Defendants use a confusingly similar mark in connection with the advertisement and sale of goods or services, (3) Plaintiff/Counter-Defendants use commenced after Rack Men's, and (4) the use is likely to and has caused confusion and mistake. *FAC ¶ 14-17, 52-56*.

Sixth Counterclaim – Dilution of Rack Men's Trademarks in Violation of California Law

Section 14247)(a) of the California Business and Professions Code identifies the elements of this claim as follows: "Subject to the principles of equity, an owner of a mark that is famous and distinctive, whether inherently or through acquired distinctiveness, shall be entitled to an injunction against another person's commercial use of a mark or trade name, if such use begins after the mark has become famous and is likely to cause dilution of the famous mark, and to obtain such other relief as is provided in this section."

Within Rack Men's First Amended Counterclaims, Rack Men has adequately plead each element by asserting (1) that it is the owner of a registered trademark that is incontestable, (2)

1   Plaintiff/Counter-Defendants use a confusingly similar mark in connection with the advertisement

2   and sale of goods or services, (3) Plaintiff/Counter-Defendants use commenced after Rack Men's,

3   and (4) the use is likely to and has caused confusion and mistake. *FAC ¶ 14-17, 57-61*

4        Plaintiff's Motion to Dismiss appears to rely on misrepresentations of facts and meritless

5   arguments to try and wedge in a presumption that Rack Men has "conceded that this entire trademark

6   dispute had persisted for more than four years." *Plaintiff's Motion, p.2:8-10*. First, this is directly

7   contrary to the allegations within the First Amended Counterclaims, which is that "Rack Men had

8   no knowledge of Counter-Defendants' usage of the mark… until sometime in 2022." ¶ 23 *FAC*.

9   Nowhere in Rack Men's First Amended Counterclaims does Rack Men state or even infer that the

10  dispute "persisted for more than four years." Similarly, Rack Men's First Amended Complaint

11  makes no statement that the "dispute has been ripe since before June 7, 2019," as alleged within

12  Plaintiff's Motion. *Plaintiff's Motion, p.8:9-11*. Plaintiff hinges its entire argument on false

13  assertions that cannot be considered, especially where the Court "accept[s] factual allegations in the

14  complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

15  party." *Manzarek, supra*, at 1031.

16            **a.   Pleading Upon Information and Belief**

17       The plausibility standard identified by the Supreme Court in *Twombly* does not prevent the

18  pleading of facts alleged upon information and belief where the belief is based on factual

19  information that makes the inference of culpability plausible. *Park v. Thompson*, 851 F.3d 910, 928

20  (9th Cir. 2017). For example, a pleading may include allegations that are "not based on the firsthand

21  knowledge of the person making the allegation… but that person nevertheless, in good faith,

22  believes the allegation to be true." *Pirraglia v. Novell, Inc.*, 339 F.3d 1182, 1189 (10th Cir. 2003).

23       Here, Rack Men is a corporate entity and thus can only rely, in good faith, on its employees,

24  records, and other corporate components, to make allegations which it believes to be true. Here,

25  each and every allegation within the First Amended Counterclaims is made in good faith reliance

26  and belief that the allegations are true, and thus is appropriate to meet the federal pleading standards.

27            **b.   Consideration of Outside Materials**

28       As a general matter, Courts are not to consider material beyond the complaint in ruling on a

REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

1   motion to dismiss. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). However, Courts may

2   consider matters subject to judicial notice. *Ibid*.

3      Plaintiff's arguments rely heavily on its request for judicial notice of information on the

4   Wayback Machine to support its Motion to Dismiss. However, as throughout the entirety of its

5   Motion, Plaintiff seems to skew the law and use of such information to support its argument.

6   Specifically, Plaintiff seeks judicial notice of information apparently included on its website to argue

7   that Rack Men "knew or should have known" of Plaintiff's infringement. *Plaintiff's Motion,*

8   *p.15:15-23*. However, Plaintiff's argument is severely flawed insofar as it improperly seeks

9   summary judgment of a factual dispute. Plaintiff attempts to make an *incredibly* large leap between

10  the existence of an image on a website and Rack Men's knowledge of Plaintiff's infringement.

11  Further, Plaintiff seeks to rely on facts beyond those in the pleadings, insofar as it seeks judicial

12  notice of "www.sacramentorack.com," a website that is never referenced within the First Amended

13  Counterclaims. In doing so, Plaintiff unwittingly supports Rack Men's contention that Plaintiff

14  recently, increasingly, and substantially used the mark "Rack Man"  in an effort to expand and

15  increase U.S. business, by acknowledging that it used the URL "www.sacramentorack.com" and

16  later changed it to "www.rackman.com." The method, manner, scope, and frequency of Plaintiff's

17  infringement, such that Rack Men "knew or should have known," is at the very least subject to

18  discovery before Plaintiff can rely on any legal conclusions in a dispositive manner as they seek to

19  do here at the early pleadings stage of litigation. As such, Plaintiff's reliance on a separate website

20  to support its Rule 12(b)(6) Motion is improper and should be barred.

21      **c.  Statute of Limitations**

22     Granting a motion to dismiss based on an expired limitations period is disfavored. *Cervantes*

23  *v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir.1993). A statute of limitations is an affirmative

24  defense that a plaintiff is not required to negate within its complaint. *United States v. McGee*, 993

25  F.2d 184, 187 (9th Cir. 1993). "A motion to dismiss based on the running of the statute of limitations

26  period may be granted only 'if the assertions of the complaint, read with the required liberality,

27  would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United*

28  *States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682

6

REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

1    (9th Cir. 1980)). In fact, a complaint cannot be dismissed "unless it appears beyond doubt that the

2    plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id*.

3           Here, Plaintiff seeks dismissal of the action based on its own assumptions that the statute of

4    limitations has expired, contrary to the relevant case law disfavoring such dismissal. Furthermore,

5    while Rack Men was "not required to negate [a statute of limitations] within its complaint," it has

6    plead specific facts regarding its knowledge of Plaintiff's infringement as a means to avoid

7    unnecessary litigation. As discussed above, when ruling on a Rule 12(b)(6) motion, the Court

8    "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most

9    favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,

10   1031 (9th Cir. 2008). Accordingly, where Rack Men has plead that it did not know of Plaintiff's

11   infringement until 2021 or 2022, it has plead allegations sufficient to meet the pleading requirements

12   of the Federal Rules and plead around any statute of limitations, as insisted by Plaintiff. Therefore,

13   Rack Men's First Amended Complaint is sufficiently pleaded and should not be dismissed based on

14   an expired limitations period, and Plaintiff's Motion should be denied.

15                    **d.  Laches and Excusable Delay**

16          Laches defenses are highly fact-dependent and rarely resolvable at the motion to dismiss

17   stage." *Kourtis v. Cameron*, 419 F.3d 989, 1000 (9th Cir. 2005) *abrogated on other grounds*

18   *by Taylor v. Sturgell*, 553 U.S. 880 (2008).  In the context of trademark infringement, the elements

19   of laches require that plaintiff knew or should have known of defendant's use of the mark. However,

20   the determination of such knowledge is dependent upon evidentiary support. *Am. Rice, Inc. v.*

21   *Producers Rice Mill, Inc.*, 518 F.3d 321, 334 (5th Cir. 2008) (affirming a finding of no laches even

22   though twenty years had passed because there was no evidence that the plaintiff knew of the

23   infringing design before 2005.)

24          Here, Plaintiff has not offered even one iota of evidence that Rack Men had knowledge of

25   the infringing design. Rather, Plaintiff relies on an illogical assumption based on the existence of a

26   different website. This cannot be considered sufficient evidence to sustain their laches claims.

27          Further, laches can only be found if a delay was inexcusable. Various theories support

28   excusable delay, including, for example, "progressive encroachment," which has been defined as:

REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

"the unlicensed user begins to use the trademark in the market, and later modifies or intensifies its use of the trademark to the effect that the unlicensed user significantly impacts the trademark owner's good will and business reputation, so that the unlicensed user is placed more squarely in competition with the trademark owner. *The mark owner need not sue until the harm from the unlicensed user's use of the mark looms large.* It is therefore the significant increase in the scope of the unlicensed user's business, not reliance on the same general business model, that supports the doctrine of progressive encroachment." *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 623 (5th Cir. 2013).

"[U]nder the doctrine of progressive encroachment, the time of delay is to be measured not from when the [claimant] first learned of the potentially infringing mark, but from when such infringement became actionable and provable." *A.I.G. Agency, Inc. v. American Intern'l Group, Inc.,* 33 F.4th 1031, 1037 (8th Cir. 2022), quoting *Roderer v. J. Garcia Carrion, S.A.*, 569 F.3d 855, 858 (8th Cir. 2009). See also *Tillamook Country Smoker v. Tillamook County Creamery Ass'n*, 465 F.3d 1102 (9th Cir. 2006) and *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280 (9th Cir. 1992).

Rack Men has plead progressive encroachment where it alleges that Plaintiff/Counter-Defendants increased the use of the infringing mark in recent years to expand its U.S. business. *FAC ¶ 22*. Accordingly, Rack Men has met the pleading requirements sufficient to sustain its claims and overcome Plaintiff's frivolous motion, which should be denied.

**III.    CONCLUSION**

Based on the foregoing, Rack Men respectfully requests that Plaintiff's Motion to Dismiss First Amended Counterclaims be denied.

DATED: November 15, 2023                    **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: _____

DAVID G. HALM
EMANUEL K CAROS
Attorneys for Defendant, RACK MEN
EQUIPMENT COMPANY, INC

REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

## PROOF OF SERVICE
*Material Handling Systems v. Rack Men*
United States District Court – Eastern District of California: 2:23-CV-01089-WBS-AC

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 500 N. Brand Boulevard, Suite 1650, Glendale, California 91203.

On November 15, 2023, I served the following document described as **DEFENDANT AND COUNTERCLAIMANT RACK MEN EQUIPMENT COMPANY, INC.'S REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS** on the following persons at the following address:

### SEE ATTACHED SERVICE LIST

☐ **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:**  I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☒ **BY ELECTRONIC SERVICE:**  I caused the above-entitled document(s) to be served via E-mail to the E-mail addresses on the attached Service List.  The document(s) is not being served by U.S. mail due to the COVID-19 coronavirus National Emergency and stay-at-home orders.  Electronic service is being made pursuant to an agreement with all parties and pursuant to California Code of Civil Procedure § 1010.6.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

☒ **STATE:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 15, 2023, at Palmdale, California.

_____

REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

## SERVICE LIST
*Material Handling Systems v. Rack Men*
United States District Court – Eastern District of California: 2:23-CV-01089-WBS-AC

| | |
|---|---|
| Michael J. Thomas, Esq.<br>Downey Brand LLP<br>621 Capitol Mall, 18th Floor<br>Sacramento, CA 95814<br>(916) 444-1000<br>mthomas@downeybrand.com | Attorneys for Plaintiff and Counter Defendant,<br>**Material Handling Systems, Inc.** |

REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS