UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| Material Handling Systems, Inc., a California Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>Rack Men Equipment Company, Inc., a Georgia Corporation,<br><br>    Defendant. | No. 2:23-cv-01089 WBS AC<br><br>ORDER |
| Rack Men Equipment Company, Inc., a Georgia Corporation,<br><br>    Counterclaimant,<br><br>    v.<br><br>Material Handling Systems, Inc., a California Corporation, and MOES 1-25,<br><br>    Counter-Defendants. | |

----oo0oo----

This is a trademark dispute. Plaintiff Material Handling Systems, Inc. ("Material Handling") filed a complaint

1

for declaratory judgment of non-infringement.  (Compl. (Docket No. 1).)  Defendant Rack Men Equipment Company, Inc. ("Rack Men") filed obverse counterclaims which encompass six allegations of trademark infringement, dilution, and unfair competition under state and federal law.  (Countercl. (Docket No. 20).)  The court now considers Material Handing's motion to dismiss Rack Men's counterclaims.  (Mot. (Docket No. 22).)

I.   Factual and Procedural History

The court takes the following allegations from Rack Men's counterclaims as true and draws every reasonable inference in favor of Rack Men.

Rack Men is a Georgia-based equipment company that sells warehouse equipment throughout the world.  (Countercl. ¶¶ 2, 7.)  It has been in business since 1989, always under the moniker "Rack Men."  (Id. ¶¶ 9-10.)  It also maintains an online retail presence on the internet via the domain "rackmen.com," which it registered back in 1998.  (Id. ¶ 11.)  In September 2009, Rack Men sought to register its service mark, below, with the United States Patent and Trademark Office ("USPTO").

[RACK MEN logo]

(Id. ¶ 13.)  The USPTO issued a certificate of registration on July 27, 2010.  (Id. ¶ 14.)  Rack Men further filed a Declaration of Use and Incontestability for its mark, which the USPTO accepted on September 4, 2015.  (Id. ¶ 16.)

1    Material Handling is a Sacramento-based rack and
2 shelving business that does business under the moniker "Rack
3 Man!" (Id. ¶ 3.)  Material Handling utilizes the following mark
4 in its course of business:



12 (Id. ¶ 20.)
13    Rack Men alleges that it did not discover Material
14 Handling's use of the "Rack Man!" mark until 2021 or 2022. (Id.
15 ¶ 23.)  Rack Men could not immediately act to address the alleged
16 trademark infringement because its late president, John Spang,
17 was fighting cancer at the time. (Id. ¶¶ 24-25.)  Rack Men
18 contacted Material Handling on March 2, 2023 to request that they
19 cease use of the "Rack Man!" mark. (Id. ¶ 27.)  Material
20 Handling did not cease, and instead applied for its own trademark
21 in April 2023. (Id. ¶ 29.)
22 II.  Legal Standard
23    Federal Rule of Civil Procedure 12(b)(6) allows for
24 dismissal when the plaintiff's complaint fails to state a claim
25 upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).
26 The inquiry before the court is whether, accepting the
27 allegations in the complaint as true and drawing all reasonable
28

3

inferences in the plaintiff's favor, the complaint has alleged "sufficient facts . . . to support a cognizable legal theory," Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001), and thereby stated "a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them.  Id.

A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint. See, e.g., AirWair Int'l Ltd. v. Schultz, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015).

III. Discussion

Rack Men brings infringement and dilution counterclaims under state and federal law.  Material Handling argues that all of Rack Men's counterclaims are time-barred.

Under California law, trademark infringement claims have a four-year statute of limitations.  See Cal. Civ. Proc. Code §§ 337, 343; Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd., 894 F.3d 1015, 1025 (9th Cir. 2018).  Lanham Act claims in the Ninth Circuit are also presumptively subject to a four-year limitations period pursuant to the doctrine of laches.  Id. (drawing from "the most analogous state statute of limitations"). Under both federal and state law, the clock begins to run from the time a plaintiff knew or should have known about the alleged infringement.  Id. (Laches runs "from the time the plaintiff knew or should have known about its potential cause of action."

1  (citing Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery
2  Ass'n, 465 F.3d 1102, 1108 (9th Cir. 2006))); Jarrow Formulas,
3  Inc. v. Nutrition Now, Inc., 304 F.3d 829, 838 (9th Cir. 2002)
4  ("[T]he state limitations period runs from the time the plaintiff
5  knew or should have known" about Lanham Act claim.).

6       Material Handling points to two different reasons why
7  the court should find Rack Men's counterclaims are time-barred:
8  (1) Rack Men's assertion of its own statute of limitations and
9  laches affirmative defenses; and (2) records from the Internet
10 Archive's "Wayback Machine," which allegedly show that Rack Men
11 should have known of Material Handling's alleged infringement
12 over a decade ago.

13      Separately, Material Handling argues that Rack Men's
14 federal dilution counterclaim (Counterclaim 5) should be
15 dismissed because Rack Men fails to allege that its marks are
16 famous and distinctive.  (Mot. at 20.)

17    A.   Rack Men's Affirmative Defenses

18      In its answer to Material Handling's complaint, Rack
19 Men asserted thirteen affirmative defenses.  One is statute of
20 limitations; another is laches.  (Answer at 9.)  Material
21 Handling argues that Rack Men's assertion of these defenses
22 against Material Handling's complaint amounts to Rack Men
23 admitting that Rack Men should have known of Material Handling's
24 alleged infringement at least four years ago -- and, as a result,
25 admitting that its own counterclaims for infringement are time-
26 barred as well.

27      However, no authority of which the court is aware holds
28 that affirmative defenses are themselves factual admissions.  Cf.

1  Oki Am., Inc. v. Microtech Int'l, Inc., 872 F.2d 312, 313 (9th
2  Cir. 1989) (affirmative defense denying existence of contract "is
3  not an admission" that precludes other defenses to contract
4  claim).  See also Fed. R. Civ. P. 8(d)(3) ("A party may state as
5  many separate claims or defenses as it has, regardless of
6  consistency."); Russ v. Apollo Grp., Inc., No. CV 09-904-
7  VBF(FMOX), 2009 WL 10673931, at *3 (C.D. Cal. June 2, 2009)
8  ("[T]he Federal Rules permit a defendant to assert 'inconsistent'
9  affirmative defenses in a responsive pleading.").

10       Rack Men also plausibly denies in its answer that it
11 knew or should have known of any infringement before the
12 applicable limitations period.  (See Compl. ¶ 39 ("Defendants
13 have known of, or should have known of, Plaintiff's use of the
14 Rack Man! Marks since at least as early as 2011."); Answer
15 (Docket No. 8) ¶ 39 ("Rack Men denies the allegations within
16 paragraph thirty-nine (39) of the Complaint.").)

17       "Rule 8 does not require plaintiffs to plead around
18 affirmative defenses.  And ordinarily, affirmative defenses . . .
19 may not be raised on a motion to dismiss."  U.S. Commodity
20 Futures Trading Comm'n v. Monex Credit Co., 931 F.3d 966, 972
21 (9th Cir. 2019) (cleaned up).[1]  The court therefore concludes
22 that Rack Men's pleadings do not inadvertently establish any
23 affirmative defenses that vitiate its own counterclaims.[2]

---

[1] Cf. id. at 973 ("We can consider an affirmative defense on a motion to dismiss when there is some obvious bar to securing relief on the face of the complaint.  In other words, dismissal based on an affirmative defense is permitted when the complaint establishes the defense.") (cleaned up) (emphasis added).

[2] Even if the court were to strike Rack Men's conclusory allegation that "Upon information and belief, Rack Men had no

6

Accordingly, the court will not dismiss Rack Men's counterclaims on this ground.

B. Wayback Machine

Material Handling also argues that the court should take judicial notice of certain records from the Internet Archive's "Wayback Machine," which purport to show Material Handling's allegedly infringing marks being used on Material Handling's website at least as far back as 2011. However, Material Handling provides no binding authority compelling the court to do so.[3] Separately, the court cannot conclude at this time that the contents of these records are "facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b).

Accordingly, the court will not dismiss Rack Men's counterclaims based on Wayback Machine records.

C. Federal Dilution Counterclaim (Counterclaim 5)

To establish a claim of federal trademark dilution, a plaintiff must allege that: (1) plaintiff's marks are famous and distinctive; (2) defendant is using the mark in commerce; (3) defendant's use began after plaintiff's marks became famous; and (4) defendant's "use of the mark[s] is likely to cause dilution

---

knowledge of Counter-Defendants' usage of the mark 'Rack Man' until sometime in 2022, maybe 2021" (Countercl. ¶ 23), nothing on the face of Rack Men's pleadings establish that its own counterclaims are time-barred.

[3] To the extent that Material Handling's cited persuasive authorities hold contrary to the court's decision, the court disagrees with them. See Lindsay v. Shree Enter., LLC, No. 2:21-CV-00299 WBS CKD, 2021 WL 2711225, at *3 n.2 (E.D. Cal. July 1, 2021).

7

by blurring or dilution by tarnishment." Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 634 (9th Cir. 2008).

Material Handling argues that Rack Men has failed to allege that its marks are famous and are being tarnished. (Mot. at 21-22; Reply (Docket No. 26) at 1-2.) However, Rack Men alleges in its counterclaims that it "has established an outstanding reputation throughout the United States of America and beyond as to the excellence of the quality of its goods and services offered under this brand" (Countercl. ¶ 12), and "The unauthorized and infringing use by [Rack Men] of the disputed marks will, unless enjoined, continue cause [sic] irreparable harm, damage, and injury to Rack Men's good will in its marks" (id. ¶ 30). This is sufficient to allege a dilution claim under 15 U.S.C. § 1125(c) at the pleading stage.

Accordingly, the court will not dismiss Counterclaim 5 on this basis.

IT IS THEREFORE ORDERED that Material Handling's motion to dismiss Rack Men's counterclaims (Docket No. 21) be, and the same hereby is, DENIED.[4]

Dated: January 23, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Material Handling's motion for judicial notice (Docket No. 22-1) is also denied.