UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATERIAL HANDLING SYSTEM, | No. 2:23-cv-01089 WBS AC |
| Plaintiff, | |
| v. | ORDER |
| RACK MEN EQUIPMENT COMPANY, INC., | |
| Defendant. | |

This matter is before the court on plaintiff's motion to compel responses to discovery. ECF No. 33. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). Plaintiffs and defendants, through counsel, filed the required joint statement. ECF No. 37. Plaintiff's counsel filed a supplemental declaration. ECF No. 38. The matter was taken under submission. ECF No. 34. For the reasons set forth below, the motion is DENIED.

**I.     Relevant Background**

This is a trademark case that was initially filed in June of 2023. Defendant filed an answer and counterclaims. ECF Nos. 8. A scheduling conference was initially set for October, 10, 2023 before Senior District Judge William B. Shubb. ECF No. 4. Following motions to dismiss the counterclaims, the initial scheduling conference was re-scheduled twice, ultimately to be set on March 11, 2024. ECF No. 24. A Fed. R. Civ. P. 26(f) joint status report was submitted

1

on February 26, 2024, and a schedule was issued on February 27, 2024. ECF Nos. 31, 32. The scheduling order indicates that the parties had already exchanged initial disclosures, and set a fact discovery deadline of September 12, 2025. ECF No. 32 at 2. Plaintiff filed the instant motion to compel on March 7, 2024. ECF No. 33.

## II.     Motion to Compel

### A. Overview of Dispute

Plaintiff Material Handling Systems ("Material") moves the court to compel defendant and counterclaimant Rack Men Equipment Company, Inc. ("Rack Men") to provide complete responses, without objections, to its Rule 34 Requests for Documents and Rule 33 Interrogatories pursuant to Fed. R. Civ. P. 37, arguing they were served via hand service on the afternoon of September 20, 2023 after the parties' second of two Rule 26(f) conference calls. Material contends the conferences occurred on the mornings of September 11, 2023 and September 20, 2023, and that responses to the interrogatories were due on or before October 20, 2023. ECF No. 33 at 2. Rack Men argues that Material did not engage in 26(f) conferences before it served the interrogatories, that Material did not properly meet and confer in compliance with Local Ruel 251(b) before filing its motion, and in any case, that the motion is moot because it served responses on March 13, 2024. Id. at 9. According to the joint statement, "[t]he matters to be decided on this motion include: a) confirmation that Plaintiff's discovery requests served on September 20, 2023, were properly served in a timely manner consistent with Rule 26(d); and, b) confirmation that Defendant must provide full and complete responses to the Requests for Production and Interrogatories without objections." Id. at 12.

### B. Standard on Motion to Compel

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or

privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

      C.  Discussion

Federal Rule of Civil Procedure 26(d)(1) governs the timing of discovery, and provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Federal Rule of Civil Procedure 26(f)(1) provides that "parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1).  District courts have "broad discretion to manage discovery." Avila v. Willits Envtl. Remediation Tr., 633 F.3d 828, 833 (9th Cir. 2011).

In this case, the motion to compel does not establish that the parties had completed their Rule 26(f) conferences before the interrogatories were served, or that the parties properly met and conferred before the motion to compel was filed.  The parties' accounts about their meet and confer process, as well as their scheduling conferences, are in total conflict with one another and the submission of the parties' email exchanges demonstrates only that the parties were not and have not been in agreement about the status of discovery.  ECF No. 38.  Indeed, an email sent by Rack Men's counsel on October 17, 2023 indicates that it received the interrogatories from Material but asked if they were sent in error because they had not yet agreed on a discovery plan or concluded their Fed. R. Civ. P. 26(f) obligations.  ECF No. 38-1 at 5.  Material's counsel responded that they had completed their 26(f) conference, and went on to state that the parties "agreed that each side would be allowed to propound up to 75 interrogatories, rather than the 25 set forth in the FRCP." ECF No. 38-1 at 4.  Rack Men's counsel responded in relevant part, "We did not agree.  You verbally proposed it over the phone, but there was no such agreement on our end. We also did not and would not agree to triple the Interrogatories while maintaining the same timeline to respond." Id. at 3.  Material's counsel responded that the parties did agree to the 75 interrogatories, and that Rule 26(f) did not require the parties to "actually reach any final agreement" for the conference to prompt the beginning of discovery.

3

Material's argument is untenable and defeats the spirit and purpose of the Rule 26(f) meet and confer rule. Under Material's proposed construction, a party could simply conclude its Rule 26(f) obligations were satisfied upon any communication between the parties and demand to immediately proceed with discovery. While the court declines to give an advisory opinion on when a 26(f) conference can be deemed "completed" as a general matter, it is clear in this case that the parties did not adequately complete their Rule 26(f) conference, nor did they properly meet and confer with respect to their Local Rule 251 discovery obligations before this motion was brought. The court rejects Material's suggestion that Rack Men has waived all objections by not timely responding to the interrogatories. The interrogatories were issued months before the court issued a schedule in this case, and there are more than 17 months remaining before fact discovery closes. Under these conditions, the court concludes that Material seeks an unsound solution to a non-existent problem.

In any event, it does not matter whether the interrogatories were prematurely served; they have been served and defendant has answered them. The court will not compel any further action and finds that Rack Men has not waived any objections by submitting their answers on March 13, 2024.

### III.    Conclusion

The motion to compel at ECF No. 33 is DENIED. The interrogatories at issue are deemed served, but defendant is not required to provide any supplemental responses on the grounds presented in plaintiff's motion.

IT IS SO ORDERED.

DATED: April 9, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE